1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN  (State Bar No. 189268)
2  HADDAD & SHERWIN
   505 Seventeenth Street
3  Oakland, CA  94612
   Telephone: (510) 452-5500
4  Fax: (510) 452-5510

5  Attorneys for Plaintiffs

6  WILLIAM H. GOODMAN (WG 1241)
   MOORE & GOODMAN, LLP
7  740 Broadway, 5th Floor
   New York, N.Y.  10003
8  Telephone: (212) 353-9587
   Fax: (212) 254-0857

9  Co-counsel for Plaintiffs

10                 **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12

13  SRI LOUISE COLES, RON SMITH, JENNIFER      )
    HANSEN, DAVE TELLES, SCOTT BOHNING, and    )   No. C 03-2961 TEH (JL)
14  LINDSAY PARKINSON, individually,           )
                                               )   Hon. Thelton E. Henderson
15                      Plaintiffs,            )
                                               )
    vs.                                        )
16                                             )   **THIRD AMENDED**
    CITY OF OAKLAND, a municipal entity,       )   **COMPLAINT AND DEMAND**
17  POLICE CHIEF RICHARD WORD, DEPUTY          )   **FOR JURY TRIAL**
    CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT.    )
18  E. POULSON, LT. HOWARD JORDAN,             )
    LT. DAVE KOZICKI, SGT. T. HOGENMILLER,     )
19  SGT. E. TRACEY (8004), R. GUTIERREZ (8091),)
    A. OERLEMANS (7632), R. HOLMGREN (8282), P.)
20  GONZALES (8151), S. KNIGHT (7776), E.      )
    ROMANS (8045), C. DELROSARIO (7668), SGT.  )
21  GARY TOLLESON, SGT. D. CAMPBELL (7762), R. )
    MOORE (8051), A. STEINBERGER (7818), F. UU )
22  (7472), B. WORDEN (8107), J. FUKUDA (7693), J.)
    DOOLITTLE (8007), C. SAUNDERS (8254), M.   )
23  NICHELINI (8035), OFFICER LOW (7732), J.    )
    FISHER (7498), SGT. W. WALLACE (7215), and )
24  DOES 1-100, in their individual and official )
    capacities, Jointly and Severally,         )
25                                             )
                        Defendants.            )
26  ─────────────────────────────────────────

27

28

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN, for their Third Amended Complaint against Defendants, state as follows:

## JURISDICTION

1.      This Third Amended Complaint is filed pursuant to the Stipulation and Order filed June 23, 2005.  This is a civil rights action arising from Defendants' use of excessive force and unreasonable seizure of Plaintiffs, and violation of Plaintiffs' rights to freedom of speech, assembly, association, conscience, and press, at a peaceful demonstration at the Port of Oakland on April 7, 2003, in the City of Oakland, Alameda County, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.   Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events and/or omissions complained of herein occurred in Alameda County, California, and this action is properly assigned to either the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3.      Each Plaintiff herein is a resident of the State of California.

4.      Defendant City of Oakland is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Oakland Police Department which employs other defendants in this action.

5.     Defendants POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. E. TRACEY (8004), R. GUTIERREZ (8091), A. OERLEMANS (7632), R. HOLMGREN (8282), P. GONZALES (8151), S. KNIGHT (7776), E. ROMANS (8045), C. DELROSARIO (7668), SGT. GARY TOLLESON, SGT. D. CAMPBELL (7762), R. MOORE (8051), A. STEINBERGER (7818), F. UU (7472), B. WORDEN (8107), J. FUKUDA (7693), J. DOOLITTLE (8007), C. SAUNDERS (8254), M. NICHELINI (8035), OFFICER LOW (7732), J. FISHER (7498), and SGT. W. WALLACE (7215) were at all material times employed as law enforcement officers by Defendant City of Oakland, and were acting within the course and scope of their employment.

6.     The true names and capacities of Defendants sued herein as Does 1-100 ("Doe defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  At all material times, each Doe defendant was an employee/agent of Defendant City of Oakland acting within the course and scope of that relationship.

7.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more Doe defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, and/or directly responsible for violation of Plaintiffs' rights.

8.      Each individual defendant (meaning non-municipal defendants) is sued in his/her individual and official capacities.

9.      Plaintiffs are informed and believe, and thereon allege, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the defendants herein gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

10.     At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' Constitutional rights and other harm.

11.     At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12.     At all material times, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. E. TRACEY (8004), R. GUTIERREZ (8091), A. OERLEMANS (7632), R. HOLMGREN (8282), P. GONZALES (8151), S. KNIGHT (7776), E. ROMANS (8045), C. DELROSARIO (7668), SGT. GARY TOLLESON, SGT. D. CAMPBELL (7762), R. MOORE (8051), A. STEINBERGER (7818), F. UU (7472), B. WORDEN (8107), J. FUKUDA (7693), J. DOOLITTLE (8007), C. SAUNDERS (8254), M. NICHELINI (8035), OFFICER LOW (7732), J. FISHER (7498), SGT. W. WALLACE (7215), and Does 1-100 acted pursuant to the actual customs,

policies, practices and procedures of the Oakland Police Department and Defendant City of Oakland.

13.     This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## GENERAL ALLEGATIONS

14.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

15.     On the morning of April 7, 2003, each Plaintiff was at a political demonstration at the Port of Oakland.  This demonstration was lawful, peaceful, Constitutionally protected, and consisted of approximately a few hundred people gathered to express their opposition to the U.S. war in Iraq and war profiteering by corporations doing business at the Port, among other matters of public concern.

16.     Plaintiffs Sri Louse Coles, Jennifer Hansen, Dave Telles, and Lindsay Parkinson were participating in the demonstration; Plaintiff Scott Bohning came to the demonstration intending to participate, but was prevented from ever doing so by Defendants' conduct as further described below; and Plaintiff Ron Smith was attending the demonstration as an independent photo-journalist, with press passes prominently displayed on his body.  At all material times, each Plaintiff was engaged in constitutionally protected activity concerning matters of great public concern in a public forum, including exercise of their rights to freedom of speech, assembly, association, conscience, and press.

17.     At all material times, each Plaintiff herein acted peacefully and lawfully, never threatened any person, and never resisted any lawful order by any police officer.

18.     The Oakland Police used unnecessary and unreasonable force against Plaintiffs and other peaceful people at the Port, including but not limited to firing "less

lethal" projectiles -- including concussion or "stinger" grenades, wooden dowels, and "flexible batons," also known as "bean bags," consisting of lead birdshot shot wrapped in a bag and fired from a 12 gauge shot gun -- into the crowd and at Plaintiffs and others; aggressively and forcefully driving motorcycles into some Plaintiffs and other people; striking one Plaintiff and other people with batons; and by other means. Defendants' conduct at the Port in the course of each use of force by Defendants against Plaintiffs caused a governmental termination of each Plaintiff's freedom of movement through means intentionally applied.

19. All Defendants herein planned, authorized, directed, ratified, and/or personally participated in the following conduct:

   a. An officer forcefully struck Plaintiff Sri Louis Coles in her midsection with a baton; An officer, believed to be Defendant M. Nichelini, struck Ms. Coles with a motorcycle; and an officer, believed to be Defendant DelRosario, shot a projectile at Ms. Coles striking her in her face and neck;

   b. When Ms. Coles attempted to make a complaint of misconduct concerning this incident to an Oakland police officer who was interviewing her while she was receiving treatment for her injuries in the hospital, the officer told Ms. Coles that if she wanted to file a complaint, she would have to go to the Internal Affairs division of the Oakland Police Department;

   c. An officer shot a projectile at Plaintiff Ron Smith, striking him in his left hand as he was using that hand to hold a camera to his face to film this demonstration and the Oakland police response to it;

   d. An officer shot a projectile at Plaintiff Jennifer Hansen, striking her in the back of her right, upper arm;

   e. An officer shot a projectile at Plaintiff Dave Telles, striking him in the back of his left leg;

   f. Plaintiff Scott Bohning was struck multiple times by projectiles fired by the police, including on his nose, hand, and three times on his back;

   g. Plaintiff Lindsay Parkinson was intentionally struck and knocked to the ground by a police motorcycle driven by Defendant Low pursuant to Defendants' "BUMP" policy, and lifted from the ground by her ear by Defendants Low, Fisher, Wallace, and/or another officer;

h.   Defendant Low's intentional motorcycle BUMP of Plaintiff Lindsay Parkinson was witnessed and ratified by Defendants Fisher and Wallace, who failed to intercede, protect Ms. Parkinson, or report this use of excessive force by Defendant Low.

i.   Plaintiff Lindsay Parkinson was wrongfully arrested and incarcerated by Defendants Low, Fisher, Wallace, and/or other Oakland police officers, without probable cause or other legal right;

j.   Plaintiff Lindsay Parkinson also was maliciously prosecuted with malice and without probable cause, and for the purpose of denying her equal protection of the law under the Fourteenth Amendment and other rights protected by the First Amendment; those charges were based on false information and conduct from Defendant Low Fisher, and Wallace who wrongfully caused those charges to be filed; those charges were ultimately resolved in Ms. Parkinson's favor when they were dismissed on the motion of the District Attorney.

20.   Each and every use of force against Plaintiffs described herein was done in the course of a seizure of Plaintiffs, and was excessive and objectively unreasonable under the circumstances.  Further, the "less lethal" shots fired to the faces of Plaintiffs Sri Louise Coles, Scott Bohning, and Ron Smith, constitute deadly force, and were fired without any cause to believe that those Plaintiffs posed a significant and immediate threat of death or serious physical injury to anyone.

21.   Defendants fired all projectiles at each Plaintiff herein without warning, even though warnings would have been practicable and appropriate.

22.   Defendants fired, and/or authorized, ordered, permitted, and ratified the firing of projectiles at the backs, heads and vital organs of Plaintiffs and other people exercising their First Amendment rights at the Port.

23.   Defendants fired, and/or authorized, ordered, permitted, and ratified the firing of projectiles in an unreasonably and dangerously close range to Plaintiffs and other people exercising their First Amendment rights at the Port.

24.   Defendants' firing of "less lethal" projectiles at Plaintiffs and other people exercising their First Amendment rights at the Port was objectively unreasonable under

the circumstances, both in Defendants' decision to use such munitions and in the manner in which those munitions were used.

25. Officers at the demonstration had concealed their names, badge numbers, and/or identifying information.

26. Each Plaintiff also witnessed police using unreasonable force and violating the rights of many other people behaving peacefully and lawfully, including police striking people, shooting unarmed, non-threatening people with projectiles, driving motorcycles at and striking people with motorcycles, and jabbing people with batons, among other violations of rights.

27. Defendants DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. E. TRACEY (8004), R. GUTIERREZ (8091), A. OERLEMANS (7632), R. HOLMGREN (8282), P. GONZALES (8151), S. KNIGHT (7776), E. ROMANS (8045), C. DELROSARIO (7668), SGT. GARY TOLLESON, SGT. D. CAMPBELL (7762), R. MOORE (8051), A. STEINBERGER (7818), F. UU (7472), B. WORDEN (8107), J. FUKUDA (7693), J. DOOLITTLE (8007), and C. SAUNDERS (8254) each fired and/or caused to be fired "less lethal" projectiles at Plaintiffs and others in the manner described herein.

28. Defendants POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. GARY TOLLESON, SGT. TRACEY, and DOE DEFENDANTS, planned, authorized, ordered, permitted, and ratified the Oakland Police Department's response to this entire demonstration, including but not limited to the following:

a.   the use of "less lethal" munitions against individuals behaving lawfully;

b.   the use of "less lethal" munitions against individuals behaving peacefully and who did not pose any threat to anyone;

c.   the use of batons to strike individuals behaving peacefully and lawfully;

d.   the use of Harley Davidson police motorcycles to strike or "BUMP" individuals behaving peacefully and lawfully, and against non-violent individuals for "crowd control;"

e.   the arrest, incarceration, and recommendation/institution of charges for individuals without probable cause or legal right;

f.   the concealment of officers' identities and/or identifying information;

g.   the singling out of individuals at this particular demonstration for an unusually aggressive police response because of those individuals' viewpoints and the perceived content of their expression;

h.   wrongfully causing baseless charges against Lindsay Parkinson to be filed.

29.    Defendants' conduct described herein was intended, and was reasonably likely, to deter and/or chill Plaintiffs' exercise of Constitutionally protected rights, and/or was in retaliation for Plaintiffs' exercise of Constitutionally protected rights.

30.    Plaintiffs' exercise of their First Amendment rights to freedom of speech, assembly, association, conscience, and press, and the content and/or viewpoint of Plaintiffs' protected expression, or perceived expression, was a substantial or motivating factor for Defendants' conduct described herein.

31.    A number of Plaintiffs have refrained from going to other demonstrations or events to express their views, or have gone to other demonstrations and events with great apprehension and reserve, and have continued to have their rights to free speech and expression chilled as a result of Defendants' conduct culminating on April 7, 2003 as described herein.

32.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to each Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

33.     On information and belief, Defendants and other officers have given false statements, filed false police reports, copied sections of their reports verbatim from other officers' reports, improperly completed Use of Force reports, concealed material information, improperly investigated this matter, and have otherwise attempted to cover-up their and other officers' misconduct, violations of Constitutional rights, and other tortious and unlawful conduct.

34.     As a direct and proximate result of each Defendant's conduct as set forth above, each Plaintiff sustained the following physical injuries previously described with more precision in their depositions taken in this matter, among other injuries:

a.   Sri Louise Coles:  contusions, scrapes, and soft tissue damage about her body, including in the area of her face and neck;

b.   Ron Smith:  open fracture to the left distal second metacarpal (left hand), contusions, scrapes, and soft tissue damage;

c.   Jennifer Hansen:  contusions, scrapes, and soft tissue damage in the area of her right upper arm;

d.   Dave Telles:  contusions, scrapes, and soft tissue damage in the area of his left upper leg;

e.   Scott Bohning:  laceration to his nose, injury to his nose and sinus area, contusions, scrapes, and soft tissue damage to his nose, face, a finger of his right hand, back, and buttocks;

f.   Lindsay Parkinson: contusions, scrapes, and soft tissue damage in the area of her left thigh, left forearm and wrist, right elbow, and back of her left calf.

35.     As a direct and proximate result of each Defendant's conduct as set forth above, Plaintiff Lindsay Parkinson also sustained a wrongful arrest and incarceration,

malicious prosecution, and all damages and losses stemming therefrom, including loss of freedom, emotional distress, pain and suffering, lost wages, lost educational and employment opportunities, and attorneys' fees and costs incurred.

36.     As a direct and proximate result of each Defendant's conduct as set forth above, each Plaintiff sustained the following further injuries and damages, past and future, among others:

> a.    mental suffering and emotional distress;
>
> b.    physical pain and suffering;
>
> c.    permanent scarring and disfigurement;
>
> d.    economic losses, including lost wages and medical expenses;
>
> e.    interference with and violation of constitutional rights;
>
> f.    all damages and penalties recoverable under 42 USC § 1983 and federal civil rights law.

37.     Each Plaintiff herein filed timely government claims, pursuant to California Government Code section 910 et seq., placing Defendant City of Oakland on official notice of their claims.

**COUNT ONE**
**-- 42 USC §1983 --**
**DEFENDANTS POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. E. TRACEY (8004), R. GUTIERREZ (8091), A. OERLEMANS (7632), R. HOLMGREN (8282), P. GONZALES (8151), S. KNIGHT (7776), E. ROMANS (8045), C. DELROSARIO (7668), SGT. GARY TOLLESON, SGT. D. CAMPBELL (7762), R. MOORE (8051), A. STEINBERGER (7818), F. UU (7472), B. WORDEN (8107), J. FUKUDA (7693), J. DOOLITTLE (8007), C. SAUNDERS (8254), M. NICHELINI (8035), OFFICER LOW (7732), J. FISHER (7498), SGT. W. WALLACE (7215), and Does 1-100**

38.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

39.     By the actions and omissions described above, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. E. TRACEY (8004), R. GUTIERREZ (8091), A. OERLEMANS (7632), R. HOLMGREN (8282), P. GONZALES (8151), S. KNIGHT (7776), E. ROMANS (8045), C. DELROSARIO (7668), SGT. GARY TOLLESON, SGT. D. CAMPBELL (7762), R. MOORE (8051), A. STEINBERGER (7818), F. UU (7472), B. WORDEN (8107), J. FUKUDA (7693), J. DOOLITTLE (8007), C. SAUNDERS (8254), M. NICHELINI (8035), OFFICER LOW (7732), J. FISHER (7498), SGT. W. WALLACE (7215), and Does 1-100 violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to U.S. Constitution:

    a.   The right to be free from excessive or unreasonable force as secured by the Fourth Amendment;

    b.   The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

    c.   The right to be free from wrongful arrest, detention, and imprisonment as secured by the Fourth Amendment;

    d.   The right to be free from interference with, or retaliation for, their exercise of constitutionally protected rights, including but not limited to speech, assembly, association, conscience, and press, as secured by the First and Fourteenth Amendments;

    e.   The right to be free from the deprivation of equal protection of the law as secured by the Fourteenth Amendment;

    f.   The right to be free from the deprivation of liberty and from the use of unjustifiable force without due process of law as secured by the Fourteenth Amendment;

    g.   Plaintiff Lindsay Parkinson's right to be free from malicious prosecution as secured by the First, Fourth, and Fourteenth Amendments;

    h.   Plaintiff Lindsay Parkinson's right to be free from malicious prosecution for the purpose of depriving her of rights secured by the First, Fourth, and Fourteenth Amendments.

40.     Defendants subjected Plaintiffs to Defendants' wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

41.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraphs 34-36, above.

42.     The conduct of Defendants POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. E. TRACEY (8004), R. GUTIERREZ (8091), A. OERLEMANS (7632), R. HOLMGREN (8282), P. GONZALES (8151), S. KNIGHT (7776), E. ROMANS (8045), C. DELROSARIO (7668), SGT. GARY TOLLESON, SGT. D. CAMPBELL (7762), R. MOORE (8051), A. STEINBERGER (7818), F. UU (7472), B. WORDEN (8107), J. FUKUDA (7693), J. DOOLITTLE (8007), C. SAUNDERS (8254), M. NICHELINI (8035), OFFICER LOW (7732), J. FISHER (7498), SGT. W. WALLACE (7215), and Does 1-100 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and California law.

43.     Plaintiffs also claim reasonable costs and attorneys' fees under 42 USC §1988 and as otherwise allowed by law.

**COUNT TWO**
**- 42 USC §1983 –**
**DEFENDANTS CITY OF OAKLAND, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT GARY TOLLESON, SGT. TRACEY, AND DOES 1-100**

44.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

45.     The unconstitutional actions and/or omissions of POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, SGT. TRACEY, AND DOES 1-100, as well as other officers employed by or acting on behalf of Defendant City of Oakland were pursuant to the following customs, policies, practices, and/or procedures of DEFENDANT CITY OF OAKLAND, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the Oakland Police Department:

a.     to cover-up police misconduct and  violations of constitutional rights by allowing, tolerating, and/or encouraging police officers to file false police reports, copy other officers' police reports and submit them as their own, make false statements, falsely charge individuals with crimes or wrongs, obstruct and/or interfere with investigations of unconstitutional, unlawful, or improper police conduct; by withholding and/or concealing material information; and by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional, unlawful, or wrongful police activity;

b.     to allow, tolerate, and/or encourage the "Code of Silence" protecting police officers from responsibility for their misconduct, including the suppression and/or fabrication of evidence and cover-up of police misconduct;

c.     to interfere with, obstruct, and/or violate the rights of individuals in their exercise of constitutionally protected rights, and to chill and/or deter those individuals from exercising their rights, including but not limited to their right to freedom of speech, assembly, association, conscience, and press;

d.     to use "less lethal" munitions – including but not limited to concussion or "stinger" grenades, wooden dowels, "flexible batons," and/or "bean bags" consisting of lead birdshot shot wrapped in a bag and fired from a 12 gauge shotgun – as well as solid batons and other uses of force, for crowd control in a manner, and under circumstances, where such use of force would be objectively unreasonable;

e.     to use "less lethal" munitions – including but not limited to concussion or "stinger" grenades, wooden dowels, "flexible batons," and/or "bean bags" consisting of lead birdshot shot wrapped in a bag and fired from a 12 gauge shotgun – as well as solid batons and other uses of force, against individuals who are peacefully and lawfully exercising their First Amendment rights, and against such

individuals because of their viewpoint and/or the perceived content of their expression;

f.    to use police motorcycles to strike nonviolent individuals to seize them in a manner that is objectively unreasonable under the circumstances, pursuant to custom and a written "BUMP" ("Basic Use of Motorcycle Push") policy;

g.    to detain, arrest, and/or incarcerate individuals who are peacefully and lawfully exercising their First Amendment rights, based on such individuals' viewpoint and/or the perceived content of their expression, and with the intent to chill or prevent their further exercise of First Amendment rights;

h.    to select and/or allow Defendant DelRosario to participate in a "Tango Team" on April 7, 2003, where DelRosario could shoot demonstrators and others at the Port of Oakland with "bean bags" and/or other munitions, selecting his own targets, despite his known history in the department, including his evaluations and prior complaint and misconduct history, and without due concern for Defendant DelRosario's adherence to generally accepted law enforcement standards concerning bias, truthfulness, judgment, and use of force.

46.    DEFENDANTS CITY OF OAKLAND POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, SGT. TRACEY, AND DOES 1-100 failed to properly train, instruct, monitor, supervise, and discipline Defendants and other Police Department personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

47.    The unconstitutional actions and/or omissions of Defendants and other Police Department personnel, as described above, were known, and  were ordered, approved, tolerated and/or ratified by policy making officers for the Oakland Police Department and the City of Oakland, including but not limited to POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, SGT. TRACEY, AND DOES 1-100.

48.     The aforementioned customs, policies, practices, and procedures, as well as the failures to properly and adequately train, instruct, monitor, supervise and discipline of Defendants CITY OF OAKLAND, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, SGT. TRACEY, AND DOES 1-100 were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 39, above.

49.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of DEFENDANTS CITY OF OAKLAND, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, SGT. TRACEY, AND DOES 1-100, as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs 41 through 43, above.

**COUNT THREE**
**-- DIRECT VIOLATION OF THE CALIFORNIA CONSTITUTION --**
**ALL DEFENDANTS**

50.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

51.     Through their actions, omissions, customs, and policies as described above, each Defendant violated each Plaintiff's rights protected by the California Constitution, including but not limited to the following:

   a. The right to be free from excessive and/or unreasonable force as secured by the California Constitution, Article 1, Section 13;

52.     As a direct and proximate result of Defendants' violation of Plaintiffs' rights under the California Constitution, Plaintiffs sustained injuries and damages as set forth at Paragraphs 41 through 43, above, and Plaintiffs further claim all damages, penalties, and costs available under California law.

**COUNT FOUR**
**-- VIOLATION OF CIVIL CODE §52.1 --**
<u>**ALL DEFENDANTS**</u>

53.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

54.     Defendants' acts, omissions, customs, and policies, as described above, violated Plaintiffs' rights under California Civil Code §52.1, by interfering, or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the State of California, including but not limited to 42 U.S.C. § 1983 and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.  The right to be free from excessive or unreasonable force as secured by the Fourth Amendment;

    b.  The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

    c.  The right to be free from wrongful arrest, detention, and imprisonment as secured by the Fourth Amendment;

    d.  The right to be free from interference with, or retaliation for, their exercise of constitutionally protected rights, including but not limited to speech, assembly, association, conscience, and press, as secured by the First and Fourteenth Amendments;

    e.  The right to be free from the deprivation of equal protection of the law as secured by the Fourteenth Amendment;

    f.  The right to be free from the deprivation of liberty and from the use of unjustifiable force without due process of law as secured by the Fourteenth Amendment;

g. The right to be free from excessive and/or unreasonable force as secured by the California Constitution, Article 1, Section 13;

h. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

i. The right to freely speak and express their sentiments on all subjects, including but not limited to the freedom of conscience, beliefs, and associations, as secured by the California Constitution, Article 1, Section 2;

j. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

k. The right to equal protection of the laws as secured by California Constitution, Article 1, Section 7.

55.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1, Plaintiffs sustained injuries and damages as set forth in paragraphs 41 through 43, above.  Further, Plaintiffs claim all damages allowed by law, including California Civil Code §§52 and 52.1, and including costs, attorneys fees, treble damages, and civil penalties.

**COUNT FIVE**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL DEFENDANTS**

56.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

57.    By their actions, omissions, customs, and policies, as described above, each Defendant violated each Plaintiff's rights to be free from any violence, or intimidation by threat of violence, committed against his/her person because of his/her political affiliation, perceived political views, perceived speech and expression, and association with protestors at the Port of Oakland on April 7, 2003, as secured by California Civil Code §51.7.

58.     As a direct and proximate result of the violation of California Civil Code §51.7 by Defendants, Plaintiffs sustained injuries and damages as set forth above at Paragraphs 41 through 43, and are further entitled to attorney fees, costs, treble damages, civil penalties, and exemplary damages as allowed by California Civil Code §§ 51.7, 52, and as otherwise allowed under California law.

**COUNT SIX**
**-- ASSAULT AND BATTERY --**
**ALL DEFENDANTS**

59.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

60.     Defendants' actions and omissions as described above constitute assault and battery.

61.     As a direct and proximate result of Defendants' assault and battery of Plaintiffs, Plaintiffs sustained injuries and damages as set forth above in paragraphs 41 through 43, and are further entitled to damages, penalties, and costs as otherwise allowed under California law.

**COUNT SEVEN**
**-- NEGLIGENCE: PERSONAL INJURIES --**
**ALL DEFENDANTS**

62.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

63.     At all times, each Defendant owed each Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation, including in crowd control and conduct as described above.

64.     At all times, each Defendant owed Plaintiffs the duty to act with reasonable care, including in crowd control and conduct as described above.

65.     These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

    a.    To refrain from using excessive or unreasonable force against Plaintiffs;

    b.    To refrain from wrongfully arresting and incarcerating protestors, including Plaintiff Lindsay Parkinson;

    c.    To refrain from giving false and/or misleading information about Plaintiffs to law enforcement authorities;

    d.    To refrain from subjecting Plaintiffs to force, arrest, incarceration, or limitation of their constitutional rights because of Plaintiffs' exercise, or perceived exercise, of rights to freedom of speech, conscience, assembly, association, and press, among other rights exercised or attempted to be exercised by Plaintiffs as described herein;

    e.    To refrain from abusing their rights and/or authority granted them by law;

    f.    To refrain from violating the rights of Plaintiffs guaranteed by the United States and California Constitutions and law, as more fully set forth herein;

    g.    To refrain from violating lawful policies and procedures of the Oakland Police Department;

    h.    To refrain from violating lawful training each Defendant has received in the course of his law enforcement career;

66.     Additionally, the general duties of reasonable care and due care owed to Plaintiffs by DEFENDANTS CITY OF OAKLAND, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, SGT. TRACEY, AND DOES 1-100, include but are not limited to the following specific obligations:

    a.    to properly and adequately investigate, train, supervise, monitor and discipline police officers to ensure that officers act at all times in the

public interest, with due regard for the rights and safety of others, and in conformance with law;

b.    to make, enforce, and at all times act in conformance with policies and customs that are protective of individual rights and safety, including Plaintiffs'.

c.    to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 45, above.

67.    Defendants, through their acts and omissions, and through their conduct described herein, breached each and every one of the aforementioned duties and obligations owed to Plaintiffs.

68.    As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages as set forth above in paragraphs 41 through 43, and are further entitled to damages, penalties, and costs as otherwise allowed under California law.

**COUNT EIGHT**
**-- FALSE ARREST --**
**DEFENDANTS CITY OF OAKLAND, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT GARY TOLLESON, OFFICER L. LOW, AND DOES 1-100**

69.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

70.    Defendants CITY OF OAKLAND, POLICE CHIEF RICHARD WORD, DEPUTY CHIEF PATRICK HAW, CAPTAIN ROD YEE, LT. E. POULSON, LT. HOWARD JORDAN, LT. DAVE KOZICKI, SGT. T. HOGENMILLER, SGT. TOLLESON, OFFICER LOW, OFFICER FISHER, SGT. WALLACE, AND DOES 1-100, arrested and/or caused to be arrested and/or authorized, ordered, tolerated, or ratified the arrest of Plaintiff Lindsay Parkinson without probable cause or other legal right, and had her incarcerated and charged in violation of law, including but not limited to Cal. Penal Code § 853.6.

71. As a direct and proximate result of Defendants' false arrest of Plaintiff Lindsay Parkinson, Plaintiff Lindsay Parkinson sustained injuries and damages as set forth above in paragraphs 41 through 43, and is further entitled to damages, penalties, and costs as otherwise allowed under California law.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.    punitive damages under 42 USC §1983 in an amount according to proof and which is fair, just, and reasonable;

    c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988, Cal. Civil Code §§ 52, 52.1, 51.7, Cal. Code of Civil Procedure § 1021.5, and as otherwise allowed by law;

    d.    injunctive relief, including but not limited to the following:

        i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others in connection with public demonstrations, to freedom of speech, association, assembly, beliefs and conscience;

        ii.    an order prohibiting Defendants and their police officers from discriminating or retaliating against Plaintiffs or others in connection with public demonstrations based upon their assertion of rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and/or based on their viewpoint or the perceived content of their expression;

        iii.    an order requiring Defendants to rescind their "BUMP – Basic Use of Motorcycle Push" Technique policy, and all of their policies, practices, procedures, and/or customs allowing police officers to strike or bump any individual with their motorcycles, and further prohibiting Defendants from permitting their police officers to intentionally "bump" individuals with motorcycles;

        iv.    an order requiring Defendants to rescind all of their policies, practices, procedures, and/or customs allowing police officers to employ so-called "less lethal" weapons as crowd control mechanisms, and further prohibiting Defendants from permitting their police officers to deploy such weapons without legal justification or against nonviolent crowds or demonstrators;

1
2
3

       v.        an order requiring that in the event Defendants and their police officers employ so-called less lethal force, such force only be used in a lawful manner;

4
5

       vi.      an order prohibiting Defendants and their police officers from concealing their identity in the course and scope of their duties;

6
7

       vii.     an order prohibiting Defendants and their police officers from engaging in the "code of silence" as described herein;

8
9

       viii.    an order requiring Defendants to train all Oakland Police Officers concerning the law and this Court's orders concerning the issues raised in injunctive relief requests i-vii, above;

10
11
12

       ix.      an order requiring Defendants to fully comply with the settlement agreement and Consent Decree in <u>Delphine Allen, et al. v. City of Oakland, et al.</u>, (Master Case No. C-00-4599 TEH (JL).

13
14

    e.       such other and further relief, including injunctive relief, as this Court may deem appropriate.

15

DATED:      July 12, 2005        HADDAD & SHERWIN

16
17
18

                                 _____
                                  MICHAEL J. HADDAD

19
                                  Attorneys for Plaintiff

20
21
22
23
24
25
26
27
28

1

**JURY DEMAND**

2

3

Plaintiffs hereby request a trial by jury.

4

5

DATED:      July 12, 2005

6

                                              HADDAD & SHERWIN

7

8                                             _____

9                                             MICHAEL J. HADDAD
                                              Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

***PROOF OF SERVICE***
(FRCivP 5 and 28 USC §1746)

2

Re:   <u>Sri Louise Coles, et al. v. City of Oakland, et al.</u>, U.S.D.C. No. C 03-2961TEH

3

      I declare that: I am employed in the County of Alameda, State of California.  I am

4

over the age of eighteen years and not a party to the within entitled cause; my business

5

address is 505 Seventeenth Street, Oakland, California 94612.

6

      On July 12, 2005, I served the attached THIRD AMENDED COMPLAINT, on the

7

parties in said causes by E-FILING to all counsel of record, including:

8

Mr. James B. Chanin
Ms. Julie M. Houk

9

Law Offices of James B. Chanin
3050 Shattuck Ave.

10

Berkeley, CA  94705
FAX: (510) 848-5819

11

Mr. John L. Burris

12

Law Offices of John L. Burris
7677 Oakport Street, Suite 1120

13

Oakland, CA  94621
FAX: (510) 839-3882

14

Mr. Gregory Fox

15

Bertrand, Fox & Elliot
2749 Hyde Street

16

San Francisco, CA  94109

17

Mr. Randolph Warren Hall
Office of the City Attorney

18

1 Frank Ogawa Plaza
Sixth Floor

19

Oakland, CA 94612

20

      I declare under penalty of perjury that the foregoing is true and correct and that on
the date stated above, this declaration was executed at Oakland, California.

21

22

_____

23

MICHAEL J. HADDAD

24

25

26

27

28