IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRI LOUISE COLES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | NO. C03-2961 TEH<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR CERTIFICATION<br>FOR INTERLOCUTORY APPEAL |
| LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | NO. C03-2962 TEH |

These matters came before the Court on Monday, July 11, 2005, on Defendants' motion for certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of the Court's April 27, 2005 Order Denying Defendants' Motions to Dismiss. After carefully reviewing the papers, oral arguments, and relevant case law, the Court does not find good cause to grant Defendants' motion. Accordingly, the motion is DENIED for the reasons discussed below.

**BACKGROUND**

These cases concern an April 7, 2003 anti-war protest at the Port of Oakland. As the Court summarized in its April 27, 2005 order:

> Plaintiffs are demonstrators, legal observers, videographers, journalists, and dockworkers who, on April 7, 2003, gathered outside the gate entrances of two companies at the Port of Oakland that had economic involvement in the war in Iraq. They allege that Oakland police officers used excessive force at various times throughout that morning's demonstration, sometimes without any warning and at other times after giving orders to disperse that were allegedly inaudible to most of the crowd. Plaintiffs allege that Defendants aimed and fired projectiles, such as wooden dowels, "flexible batons" (bean bags), and sting ball grenades filled with rubber pellets and tear gas, directly at Plaintiffs and, in some cases, from close range. Defendants also allegedly charged Plaintiffs with motorcycles and hit them with clubs. The police allegedly never gave a clear order directing what Plaintiffs should do or where they should go to avoid being shot at or otherwise subjected to force.
>
> Plaintiffs allege that the police continued to shoot Plaintiffs with projectiles and charge them with motorcycles even after they started to leave the protest area by walking up the only avenue not blocked off by police. According to the allegations, the police herded Plaintiffs from the port area to the West Oakland BART station – a path of more than a mile – and also pursued a group of Plaintiffs who walked from the BART station to the Oakland federal building, periodically hitting them with motorcycles and shooting projectiles at them.
>
> Based on these allegations, Plaintiffs in both cases assert violations of their First, Fourth, and Fourteenth Amendment rights under the United States Constitution. Plaintiffs also contend that Defendants violated various provisions of the California Constitution and other California state laws.

Apr. 27, 2005 Order Denying Defs.' Mot. to Dismiss.

Defendants moved to dismiss the Fourth Amendment claims of all plaintiffs who were not arrested, as well as the First Amendment claims of the union plaintiffs in the *Local 10* case. The Court denied Defendants' motions to dismiss in their entirety on April 27, 2005. First, the Court concluded that Defendants' alleged "termination of freedom of movement through means intentionally applied" is subject to Fourth Amendment analysis under *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). Second, the Court determined that the union plaintiffs' allegations of discrimination based on union membership were sufficient to state a claim based on the First Amendment's protections of freedom of association. Defendants now

2

seek permission to file an interlocutory appeal of this Court's decision denying the motion to dismiss Plaintiffs' Fourth Amendment claims.

**LEGAL STANDARD**

A district court may grant certification for an interlocutory appeal of an order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This provision was "not intended merely to provide review of difficult rulings in hard cases," and a "mere question as to the correctness of the ruling" should not prompt the granting of a certificate for interlocutory appeal. *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 & n.2 (9th Cir. 1966) (citing S. Rep. No. 85-2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5259). Instead, because certification under § 1292(b) represents a departure from the usual rule that allows appeals only after final judgment, a party seeking certification for interlocutory appeal must demonstrate that "exceptional circumstances" justify an immediate appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citation omitted). The Ninth Circuit "has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982).

**DISCUSSION**

As the Court explained at the hearing on this motion, it finds that the issue of whether the Fourth Amendment applies to Plaintiffs' claims presents substantial grounds for difference of opinion. The Court also expressed its inclination to find that the issue is a controlling question of law, at least as to Plaintiffs' Fourth Amendment claims. However, for the reasons discussed below, Defendants have failed to persuade the Court that the third criterion for certification under § 1292(b) has been satisfied.

1  Defendants argue that interlocutory appeal would materially advance the termination of
2  this litigation because it would increase the likelihood of settlement.[1]  In support of the
3  proposition that likelihood of settlement may be considered in this context, Defendants rely
4  on two cases.  In the first case, the parties stipulated that they anticipated settling the plaintiff's
5  claims if the district court's decision dismissing part of plaintiff's case were affirmed on
6  appeal.  *Consol. Edison Co. v. U.S.*, 941 F. Supp. 398, 403 (S.D.N.Y. 1996).  In the second
7  case, the court found that the case, a personal injury action involving use of an allegedly
8  defective product, was "the type of litigation which usually settles as soon as the parameters of
9  legal liability are established."  *Collins v. Promark Products, Inc.*, 763 F. Supp. 1206, 1208
10 (S.D.N.Y. 1991).

11  The cases before this Court are easily distinguishable from both cases relied upon by
12 Defendants.  First, the Court cannot say that cases involving alleged use of excessive force by
13 police are "the type of litigation which usually settles as soon as the parameters of legal
14 liability are established."  Second, Plaintiffs in these cases vigorously dispute that resolution
15 of the legal issue for which interlocutory appeal is sought would in any way facilitate
16 settlement.  To the contrary, Plaintiffs in the *Local 10* case asserted that the plaintiffs in that
17 case who have yet to settle have suffered more serious injuries and would therefore be more
18 likely to recover even if the Fourteenth Amendment rather than the Fourth Amendment
19 standard were applied at trial.[2]  Similarly, the *Coles* Plaintiffs represented that an interlocutory
20 appeal would not improve the likelihood of settlement in their case.

21  In addition, Defendants' conclusions regarding the track record of settlement in these
22 cases are misplaced.  The record of settlement demonstrates that the parties are continuing to
23 reach agreement even in the absence of an interlocutory appeal.  According to Defendants, 41

---

[1] Settlement would be the only way that interlocutory appeal could conceivably advance the termination of this litigation.  It is undisputed that multiple issues would remain for trial even if the appellate court were to reverse this Court's ruling and dismiss the majority of plaintiffs' Fourth Amendment claims.

[2] The Fourth Amendment prohibits use of force that is unreasonable, whereas the Fourteenth Amendment only prohibits use of force that shocks the conscience. Apr. 27, 2005 Order Denying Mots. to Dismiss at 3-4 (and cases cited therein).

4

of 58 plaintiffs had settled their claims by the time Defendants filed their motion. At oral argument, Defendants represented that the City had recommended or was close to recommending settlement in 10 additional cases. Since the motion hearing, the Court has received notices of acceptance of Rule 68 offers from two plaintiffs. Rather than showing that the parties need immediate appellate guidance on the applicability of the Fourth Amendment to Plaintiffs' claims, the settlement of 43 out of 58 cases, plus an additional 8 cases in which the City is reportedly close to recommending settlement, suggests that an interlocutory appeal is not necessary to promote settlement.

Moreover, trial in these cases is set to begin in January 2006 – less than six months from now, and less than eight months from the date Defendants filed their motion. The parties have stipulated that, even if an interlocutory appeal is certified, no party will seek a stay of these proceedings. Thus, regardless of whether this Court certifies its earlier order for interlocutory appeal, these cases will go to trial in less than six months' time. Defendants suggested at oral argument that an interlocutory reversal of this Court's Fourth Amendment ruling would streamline trial. While this may be correct, it also appears highly unlikely that the Ninth Circuit would resolve the appeal before the trial date. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (noting that an appeal "probably could not be completed" within five months from the date of the court's opinion denying the interlocutory appeal, and that allowing the appeal "might well have the effect of delaying resolution of this litigation"). Thus, not only will trial will begin at the scheduled time regardless of whether an interlocutory appeal is allowed, but it appears highly likely that the jury would need to decide the Fourth Amendment issues even if this Court were to allow an interlocutory appeal to proceed.

Finally, the Court agrees with Plaintiffs that much of the evidence will overlap on Plaintiffs' Fourth and Fourteenth Amendment claims since both sets of claims stem from the same factual allegations. Defendants correctly note that additional expert opinion may be required if Plaintiffs' Fourth Amendment claims are part of the trial, but the Court does not find that allowing such opinion would be unduly burdensome or wasteful. Additionally, the

5

question before the Court is whether the ultimate termination of this litigation would be advanced, not whether trial might be streamlined by an immediate appeal. Indeed, were the latter a relevant consideration, it would tend to support the interlocutory appeal of any decision on a motion to dismiss or motion for summary judgment – a situation clearly not contemplated by the narrow exception to the final judgment rule created by § 1292(b).

**CONCLUSION**

In light of all of the above, this Court simply cannot conclude that this case presents the extraordinary circumstances required for certification of an interlocutory appeal. The Court cannot say with any certainty that an immediate appeal would facilitate settlement, or that it would otherwise materially advance the ultimate termination of this litigation. Accordingly, Defendants have failed to meet their burden in demonstrating that the criteria set forth in 28 U.S.C. § 1292(b) have been satisfied, and Defendants' motion is therefore DENIED.

**IT IS SO ORDERED.**

DATED   08/03/05                        /s/
                                        THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT