1

GREGORY M. FOX, STATE BAR NO. 070876
2  Bertrand, Fox & Elliot
The Waterfront Building - 2749 Hyde Street
3  San Francisco, California   94109
Telephone: (415) 353-0999
4  FAX  (415) 353-0990
Attorneys for Defendants CITY OF OAKLAND
5  and POLICE CHIEF RICHARD WORD

6  (List of Additional Counsel Attached)

7

8                    UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
9

10  SRI LOUISE COLES, et al.                        )   **File No.**  C03-2961 TEH (JL)
                                                    )
11          Plaintiffs                              )
                                                    )   **File No.**  No. C 03-2962 TEH (JL)
12  vs.                                             )
                                                    )   Hon. Thelton E. Henderson
13  CITY OF OAKLAND, a municipal entity, et al.     )
                                                    )
14          Defendants                              )   **CORRECTED STIPULATION AND**
                                                    )   **(PROPOSED) PROTECTIVE ORDER**
15                                                  )
    LOCAL 10, INTERNATIONAL LONGSHORE )
16  AND WAREHOUSE UNION, et al.,                    )
                                                    )
17              Plaintiffs,                         )
                                                    )
18      vs.                                         )
                                                    )
19  CITY OF OAKLAND; et al.,                        )
                                                    )
20          Defendants.                             )
                                                    )
21  _____ )

22

23

24

25

26

27

28

1

MICHAEL J. HADDAD, ESQ (State Bar No. 189114)
2 JULIA SHERWIN, ESQ. (State Bar No. 189268)
Haddad & Sherwin
3 505 Seventeenth Street
Oakland, California  94612
4 Telephone: (510) 452-5500
FAX: (510) 452-5510
5

WILLIAM H. GOODMAN, WG 1241
6 Moore & Goodman, LLP
740 Broadway, 5th Floor
7 New York, NY 10003
Telephone: (212) 353-9587
8 FAX (212) 254-0857

9 **Attorneys for Plaintiffs Sri Coles et al   C03-2961**

10 JAMES B. CHANIN, SBN 76043
JULIE M. HOUK, SBN 114968
11 LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, California 94705
12 Telephone:  (510) 848-4752

13 FAX (510) 848-5819

14 JOHN L. BURRIS, SBN 69888
7677 Oakport Street, Suite 1120
Oakland, CA 94621
15 Telephone:  (510) 839-5200

16 FAX (510) 839-3882

17 RACHEL LEDERMAN, SBN 130192
NATIONAL LAWYERS GUILD and
18 Law Offices of Rachel Lederman and Alexsis C. Beach
558 Capp Street
19 San Francisco, CA 94110
Telephone:(415) 282-9300
20 FAX (415) 285-5066

21 ALAN L. SCHLOSSER, SBN 49957
JULIA HARUMI MASS SBN 189649
22 MARK SCHLOSBERG, SBN 209144
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
23 CALIFORNIA, 1663 Mission Street, Suite 460
San Francisco, CA 94103
24 Telephone: (415) 621-2493
FAX (415) 255-8437
25

**Counsel for Plaintiffs Local 10 Longshore and Wherehouse Union et al.**
26 **C03-2962 THE (JL)**

27

28

1

John A. Russo Esq. State Bar No. 129729
2  City Attorney
Randolph W. Hall, Esq.  State Bar No. 080142
3  Chief Asst. City Attorney
Office of the City Attorney
4  One Frank H. Ogawa Plaza, 6th Floor
Oakland CA  94612
5  Telephone:      (510) 238-3601
 FAX (510) 238-6500
6

7  **Counsel for defendant CITY OF OAKLAND et al**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3    WHEREAS, discovery in the above-captioned case (the "Litigation") is ongoing; and

4    WHEREAS, information and documents which may be sought in discovery and which may

5  be exchanged among the parties and their respective counsel may be of a confidential, private

6  and/or proprietary nature and one of the purposes of the order is to protect the confidentiality of

7  such information;

8    IT IS HEREBY STIPULATED between all Plaintiffs and their attorneys, by and through

9  their attorneys JAMES CHANIN, individually and on behalf of the LAW OFFICES OF JAMES

10  B. CHANIN, JOHN L. BURRIS, Esq. individually and on behalf of the LAW OFFICES OF JOHN

11  L. BURRIS, MICHAEL HADDAD, individually and on behalf of HADDAD & SHERWIN, and

12  Defendant CITY OF OAKLAND, by and through its attorney GREGORY J. FOX, as follows:

13    1.    Any "document" (defined herein as including documents, exhibits, answers to

14  interrogatories, responses to requests for admissions and deposition transcripts) produced either by

15  a party or by a nonparty to or for any of the parties shall be governed by this stipulation and

16  protective order if it contains or comprises confidential or personal information relating to any

17  individual.

18    2.    Any of the following categories of documents produced by any party or nonparty

19  as part of discovery in this action can be designated by said producing entity as "Confidential."

20  Absent a specific order by this Court, such information, once designated as such, shall be used by

21  the parties solely in connection with the above-captioned proceeding, and not for any other

22  purpose or function and such information shall not be disclosed to anyone except as provided

23  herein.  Any of the following documents shall be defined as "confidential" without the necessity of

24  a prior designation:

25    (a)    Personnel files and/or personnel records as defined by California Penal

26        Code sections 832.5, 832.7 regarding any officer of the Oakland Police

27        Department.

28    (b)    Records of the finances of individuals.

1

2    (c)    Records of investigations, including Shooting Review Boards, conducted by

3           the Oakland Police Department for the purpose of evaluating the

4           department's training or policy (excluding all such records already produced

5           as of the date of entry of this protective order).

6    (d)    Medical Records.

7    (e)    Any Oakland Police Department policy or procedure already designated by

8           the department as "Restricted".

9    Parties to this action may agree at a future time to expand or narrow this definition of

10   "Confidential Records."  The parties may not deem "confidential" any records that are already in

11   the public domain or that have not been kept confidential by the Oakland Police Department,

12   accept as otherwise provided herein.

13   3.     Any party or nonparty wishing to comply with the provisions of this stipulation

14   and protective order shall designate the documents, or portions thereof, which are considered

15   confidential at the time such documents are produced by marking them "Confidential" or by

16   notifying counsel for all parties to whom documents have been produced within ten (10) days of

17   production that a particular document that has been produced is designated "Confidential."  For

18   deposition testimony, the witness or his counsel shall invoke the provisions of the stipulation and

19   protective order by stating on the record during the deposition that testimony given at the

20   deposition is designated "Confidential" or by designation of the deposition transcript, or portions

21   thereof, as "Confidential" within fourteen (14) days after counsel receives the deposition transcript.

22   No person shall attend portions of the depositions designated "Confidential" unless such person is

23   an authorized recipient of documents containing such confidential information under the terms of

24   the stipulation and protective order.  Any court reporter who transcribes testimony in this action at

25   a deposition shall agree that all "Confidential" testimony is and shall remain confidential and shall

26   not be disclosed except as provided in this stipulation and order, and that copies of any transcript,

1

2  reporter's notes or any other transcription records of any such testimony will be retained in

3  absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys or

4  record or filed under seal with the Court.

5          4.      If any document designated to be confidential pursuant to this stipulation and

6  order is used during the course of a deposition herein, that portion of the deposition record

7  reflecting such confidential information shall be sealed and stamped as AConfidential,@ and

8  access thereto shall be limited pursuant to the other terms of the stipulation and order.  If counsel

9  subsequently designates any deposition transcript, or portion thereof, as AConfidential,@

10  pursuant to paragraph 3, counsel shall inform the court reporter so that the court reporter will

11  treat the transcript as confidential pursuant to their terms of this stipulation and order.

12

13          5.      Documents marked "Confidential," or copies or extracts therefrom and the

14  information therein, may be given, shown, made available to, or communicated in any way only to

15  parties, including an officer, director, manager, supervisor, or in-house counsel of a party; counsel

16  for the parties, including certified law students, or an employee or contractor of such counsel to

17  whom it is necessary that the material be shown for purposes of this litigation; other employees of

18  a party for the sole purpose of working directly on the litigation; and third party consultants and

19  independent experts to whom it is necessary that the material be shown for purposes of this

20  litigation.

21

22

23          6.      If an attorney for any party in this litigation desires to give, show, make available

24  or communicate any document marked "Confidential" to any person who is not specifically

25  authorized to have access to such document pursuant to paragraph 5, the requesting attorney will

26  disclose to the attorney for the party who produced the document the name of the person to whom

27  disclosure of the document is sought.  The attorneys will then have ten (10) days to negotiate the

28  terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may

1

2  seek leave of court on notice to make the disclosure in question.

3      7.      Each person other than employees or contractors permitted by the parties or their

4  counsel to have access to documents marked "Confidential" pursuant to terms of this stipulation

5  and order shall, prior to being afforded such access, be shown the stipulation and protective order

6  and shall sign an agreement in the form attached hereto as Exhibit "A" stating that he or she has

7  read and understands its terms and shall abide by them.  A file shall be maintained by the attorneys

8  or record of all written agreements signed by persons to whom such documents have been given,

9  which file shall be available for inspection in camera by the Court upon a showing of good caused

10  pursuant to a noticed motion.

11      8.      In addition to the foregoing restrictions on access to documents, the parties agree

12  that no person other than counsel shall have access to any of the following documents which are

13  unrelated to job performance or which contain specific identity information (such as personal

14  addresses or social security numbers):

15          (a)      Records maintained by a Oakland Police Department on any other police

16                   officer.

17          (b)      Records maintained by the Oakland Police Department on any of its

18                   employees.

19          (c)      Any record setting forth the address of any party or witness to the action.

20      The documents referred to in this paragraph may be revealed only to counsel of record for

21  the plaintiff, including certified law students, or an employee or contractor of such counsel to

22  whom it is necessary that the material be shown for purposes of this litigation; third party

23  consultants and independent experts to whom it is necessary that the material be shown for

24  purposes of this litigation; and any other person as to whom the parties first agree in writing,

25  which agreement will not be unreasonably withheld.

26      9.      The parties agree that the parties will follow Local Rule 79-5 with respect to the

27  use of any documents covered by this stipulation.

28      10.      The attorney for the party designating information as "Confidential" shall, in the

1  first instance, in good faith determine whether information constitutes confidential information

2  covered by the stipulation and protective order.  The attorney for the receiving party is to make a

3  good faith review of the designated materials.  Should the attorney for the receiving party object to

4  such confidential designation, that party must notify the producing party in writing within thirty

5  (30) days of the date of service of written responses to interrogatories or requests for admissions,

6  or thirty (30) days following the date of service or documents in response to a demand for

7  production of documents.  In the case of deposition testimony and/or exhibits thereto, the objecting

8  party must notify the producing party in writing of its objection and proposed alternative

9  designation within thirty (30) days of the date of service of the producing party's designation.

10        Within fifteen (15) days following the service of the objecting party's written objections

11  (the "Meet and Confer Period"), the parties shall meet and confer in writing to resolve such

12  objections.  If the parties resolve such objections, the information shall reflect the designation, or

13  lack thereof, as agreed by the parties.  If, however, the parties are unable to resolve such

14  objections, the producing party shall, within fifteen (15) days, following the termination of the

15  Meet and Confer Period, apply to the Court to classify the designated information otherwise;

16  provided however, that any information, the designation of which is subject to dispute, shall be

17  treated as confidential subject to stipulation and protective order pending further order of the

18  Court.  If the producing party fails to apply to the Court within the allotted time, the information

19  will be redesignated to conform to the objecting party's last proposed alternative designation.  The

20  party who desires to have any document accorded confidentiality shall bear the burden of proving

21  that each such document is entitled to the protection accorded to confidential documents.

22        11.     No party shall be obligated to challenge the propriety of any designation of any

23  "confidential" information by the other party or person and the failure to do so shall not constitute

24  a waiver or otherwise preclude a subsequent challenge to the designation.

25        12.     The attorneys of record for the parties are in accord with the above terms of this

26  stipulation and protective order as acknowledged hereafter by their signatures, and have requested

27  the Court to enter this stipulation and protective order.

28

1

2        13.        The terms of this stipulation and protective order shall apply to all manner and

3   means of discovery, including inspection of books, records and documents.

4        14.        This stipulation and protective order shall be effective from the date of the

5   execution of the order.

6        15.        Upon termination of this litigation, the originals and all copies of confidential

7   documents shall be turned over to counsel for the party who produced such documents or disposed

8   of in some other manner that is mutually agreeable among the parties.

9        16.        This stipulation and protective order is entirely without prejudice to the right of

10  anyone to apply to the Court for an order modifying this stipulation and protective order in any

11  respect.  The Court retains jurisdiction for six (6) months after the termination of this action to

12  enforce this order and, upon motion of any party hereto, to make amendments, modifications,

13  deletions or additions to this order as the court may deem appropriate.

14       17.        The termination of proceedings in this action shall not thereafter relieve the

15  parties from the obligations of maintaining the confidentiality of all material designated as

16  confidential which is received pursuant to this stipulation and order; provided, however, that this

17  paragraph shall not apply to any material which is or becomes publicly available.

18

            IT IS SO STIPULATED.

19

20   Dated: August 11, 2005

21                                          /s/_____

22                                          JOHN L. BURRIS,
                                            Attorney for Local 10 Plaintiffs

23

24   Dated: August 11, 2005

25                                          /s/_____

26                                          JULIE HOUK
                                            Attorney for Local 10 Plaintiffs
27                                          (with JAMES CHANIN)

28

1

Dated: August 11, 2005

2

3    /s/_____

MICHAEL J. HADDAD

4    Attorney for Plaintiffs Sri Louise Coles" et al.

5

6    Dated: August 11, 2005          /s/_____

7    GREGORY M. FOX

Attorney for Defendants City of Oakland et al.

8

9    *I hereby attest that I have on file all holograph signatures for any signatures indicated by a*

10   *"conformed" signature (/s/) within this e-filed document.  Dated: August 11, 2005.*

11

12

13   /s/_____

14   MICHAEL J. HADDAD

15

16   BY STIPULATION OF THE PARTIES, IT IS SO ORDERED.

17

18

19   _____          _____

DATE

20                                    ISTRICT JUDGE

21

22

23

24

25

26

27

28

1

2 EXHIBIT A

3 ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4 I, _____[print or type full name], of

5 _____[print or type full address], declare that I have read in its

6 entirety and understand the Stipulated Protective Order that was issued by the United States Court

7 for the Northern District of California on _____[date] in Case Nos. C-03-2961

8 and 2962 TEH (JL). I agree to comply with and be bound by all the terms of this Stipulated

9 Protective Order and I understand and acknowledge that failure to so comply could expose me to

10 sanctions and punishment in the nature of contempt. I promise that I will not disclose in any

11 manner any information or item that is subject to this Stipulated Protective Order to any person or

12 entity except in compliance with the provisions of this Order. I further agree to submit to the

13 jurisdiction of the United States District for the Northern District of California for the purpose of

14 enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings

15 occur after termination of this action.

I hereby appoint_____[print or type full name]

16 of_____[print or type full

17 address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

18

19 Date:_____

20 City and State where sworn and signed:_____

21 Printed name:_____

22 Signature:_____

23

24

25

26

27

28