MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, CA  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRI LOUISE COLES, RON SMITH, JENNIFER HANSEN, DAVE TELLES, SCOTT BOHNING, and LINDSAY PARKINSON, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF OAKLAND, et al., <br><br> Defendants. | **No. C 03-2961 TEH (JL)** <br><br> Hon. Thelton E. Henderson <br><br> ***COLES* PLAINTIFFS' OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Hearing Date:  December 12, 2005 <br> Time:  10:00 a.m. <br> Hon: Thelton E. Henderson |

Plaintiffs Sri Louise Coles, et. al., by and through their attorneys, Haddad & Sherwin, hereby object to the following evidence and testimony offered by Defendants in opposition to Plaintiffs' Motion for Partial Summary Judgment:

1.     **Fox Decl., Ex. O (parts of Report of Defendants' expert, Alexander Jason), pp. 3-5; Fox Decl. ¶ 16 (attorney's unsupported claims about what expert allegedly concludes).** *Objection: Speculation; Lack of Foundation; Misstatement of expert's opinions.* Plaintiffs object to the opinion of Defendants' expert Alexander Jason that Officer Del Rosario only <u>accidentally</u> shot Ms. Coles. Defendants' expert Jason Alexander merely speculates when he opines that Officer Del Rosario *may* have been aiming for some unknown person far away and accidentally hit Ms. Coles when she allegedly stepped into his line of fire. Fox Decl., Ex. O, pp. 3-5. Specifically, Mr. Jason speculates: "If the shooter was aiming at a person standing behind Cole, and that targeted person was much taller than cole and/or he or she was standing on the wooden track supports or the tracks themselves, a shot intended to strike that person's torso could have accidentally struck Coles' face." Fox Decl., Ex. O, pp. 3-5. There is no evidence that anyone else was a target of Officer Del Rosario at that location. Mr. Jason's opinion that Officer Del Rosario may have meant to target someone else when he shot Ms. Coles – not even stated in terms of any probability – is speculation and lacks foundation. Officer Del Rosario denies shooting any women, intentionally or otherwise. Haddad Decl., Ex. DD, Del Rosario, 113-114.

Similarly, Mr. Fox's Declaration, paragraph 16, exaggerates and misstates the opinion of Mr. Jason, claiming that "Mr. Jason's report concludes, based on the evidence therein reviewed, that from the available evidence it is reasonable to conclude that Ms. Coles stepped into the line of fire as Officer Del Rosario targeted another protestor, thereby making the strike to Ms. Coles jaw accidental." In fact, Mr. Jason does not so conclude, and Mr. Jason's speculative and unfounded

opinions on this topic lack any statement of probability or reasonableness.  Fox Decl., Ex. O, pp. 3-5.

   2.   **Fox Decl., ¶ 19 (attorney's claims about video "evidence" not in court record). Objection: Speculation; Lack of Foundation; Hearsay; Evidence Not in Court Record.**

Defendants' incorrectly claim that video evidence shows (1) "within moments of Ms. Coles being struck, an unidentified voice is heard saying "hey, no rock throwing, stop the rock throwing;" and (2) "In addition, a protestor is seen walking near Ms. Coles' location, tossing what appears to be a rock up and down, and then pulling a mask up over his face."  (Defs' Oppo., p. 13).  These inaccurate claims are only supported by a paragraph from Defendants' attorney's declaration (Fox Decl., ¶ 19); Defendants have not filed these alleged videos.  Defense counsel's claim about what he says he saw in videos, using the passive tense and vague language to describe the distance and time from the point where Ms. Coles was shot, is hearsay, speculation, lacks foundation, and is **not** proper evidentiary support to create a genuine issue of fact.

   3.   **Fox Decl., ¶ 21 (attorney's claims that police took approximately one hour to travel from East SSA gate to the intersection of Seventh and Maritime Streets).  Objection: Speculation; Lack of Foundation; Hearsay; Evidence Not in Court Record; Misleading.**

Defendants filed no evidence in the court record that the police skirmish line moved continuously from the East SSA Gate to the intersection of Seventh and Maritime.  To the contrary, the skirmish line dissolved and was reformed at the West SSA gate (the Blue Team replaced the Red Team).  Haddad Decl., Ex. D, Tolleson, 303-305.  And, the police skirmish line moved swiftly from point 5 (intersection of MHR and Maritime Street) going north for several hundred yards while firing bean bags and wooden dowels into the crowd.  Haddad Decl., Ex. D, Tolleson, 340-343 (describing motorcycle "bounding" technique").  After this period of bounding and shooting less-lethal projectiles into the crowd, the Blue Team stopped and was later relieved by the Red Team at the

intersection of Seventh and Maritime Streets.  Haddad Decl., Ex. D, Tolleson, 345.  The point of all this is that when the police moved the crowd with their skirmish line and less-lethal projectiles, the police made the crowd move at a fast pace.  *See,* Sherwin Decl, Ex. U, VIDEO.  Defense counsel's statements to the contrary are speculation, lack foundation, hearsay, are not based on evidence in the court record, and are misleading.

       4.      **Fox Decl., Ex. Q (single page from apparent internet website).  *Objection: Double Hearsay; Lack of Foundation.*** Defendants describe this exhibit as "a true and correct copy of the list of California charter cities, copies from the web site of the California League of Charter Cityies, www.ilsg.org," however, it is impossible to tell when this document was created, whether the information on it is current and accurate, whether the information was accurate as of April 7, 2003, and even what the information on the document itself means.  This document is double hearsay and lacks foundation.

       5.      **Fox Decl., Ex. N (5 pages, purported internet information re: Port Protest).  *Objection: Hearsay; Lack of Foundation, Relevance.*** Defendants submit no testimony or evidence that any of the *Coles* Plaintiffs ever saw these documents before April 7, 2003, let alone that any *Coles* Plaintiff agreed with the purported goals expressed by unidentified "organizers" in these documents.  These documents are hearsay, lack foundation, and are irrelevant to the *Coles* Plaintiffs' claims.

                          Respectfully Submitted,

DATED: November 27, 2005        HADDAD & SHERWIN

                          /s/_____
                          MICHAEL J. HADDAD